1    DAVID E. MASTAGNI, ESQ. (SBN 204244)
     ISAAC STEVENS, ESQ. (SBN 251245)
2    ACE T. TATE, ESQ. (SBN 262015)
     **MASTAGNI HOLSTEDT**
3    *A Professional Corporation*
     1912 I Street
4    Sacramento, California 95811-3151
     Telephone: (916) 446-4692
5    Facsimile: (916) 447-4614

6    Attorneys for Plaintiffs
7    Jeffrey Taylor, Crystal Townley and Sean Zirkle

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TAYLOR, CRYSTAL TOWNLEY and SEAN ZIRKLE, on behalf of themselves and all similarly situated individuals, <br><br>       Plaintiffs, <br><br> vs. <br><br><br> THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, DOES 1-100 inclusive <br><br>       Defendant. | Case No.: <br><br> **[CLASS ACTION & COLLECTIVE ACTION]** <br><br> **COMPLAINT FOR:** <br> **1. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*);** <br> **2. Failure to Provide Meal and Rest Breaks (Wage Order 5 §§11, 12; Cal. Lab. Code §§ 226.7, 512)** <br> **3. Failure to Pay Minimum Wage (Cal. Labor Code §§ 1182.12, 1197, Wage Order 5, §4)** <br> **4. Failure to Timely Pay Wages When Due (Cal. Labor Code Cal. Labor Code §§ 204, 210)** <br> **5.  Failure to Pay All Final Wages When Due (Cal. Labor Code §§ 201, 202, 203);** <br> **6. Failure to Adhere to California Record Keeping Requirements (Cal. Labor Code §§ 226, 226.3, 1174, 1174.5, 1198; Wage Order No. 5 §7)** <br> **7. Private Attorneys General Act Claim for Violation of Cal. Labor Code Provisions (Cal. Labor Code §§ 2698 *et seq.*)** <br> **8. Unfair Business Practices (Cal. Business & Professions Code § 17200 *et seq.*)** <br> **9. Declaratory Relief (28 U.S.C. §§ 2201 *et. seq.* and Cal. Code of Civil Procedure §§ 1060 *et. seq.*)** <br> **Demand for Jury Trial** |

**INTRODUCTION**

1.       This is a collective/class action, seeking unpaid overtime wages, liquidated damages, meal and rest break premiums, minimum wages, interest thereon, damages and other penalties, injunctive relief, declaratory relief and reasonable attorney fees and costs, under, *inter alia*, the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 207, 211 and 216 and California law.

2.       JEFFREY TAYLOR, CRYSTAL TOWNLEY and SEAN ZIRKLE (collectively "Plaintiffs"), seek relief on behalf of themselves and all similarly situated current and former employees of Defendant, the general public of the State of California and those persons affected by Defendant's unlawful and unfair practices.

3.       Plaintiffs bring this action against THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("Defendant").

**THE PARTIES**

4.       Plaintiff JEFFREY TAYLOR is a natural person who is and at all relevant times a resident of the state of California.  He was at all times relevant hereto employed by Defendant in a non-exempt salaried position to perform law enforcement related activities on, around and/or incidental to Defendant's campus located in Stanford, California.

5.       Plaintiff CRYSTAL TOWNLEY is a natural person who is and at all relevant times a resident of the state of California.  She was at all times relevant hereto employed by Defendant in a non-exempt salaried position to perform law enforcement related activities on, around and/or incidental to Defendant's campus located in Stanford, California.

6.       Plaintiff SEAN ZIRKLE is a natural person who is and at all relevant times a resident of the state of California.  He was at all times relevant hereto employed by Defendant in a non-exempt salaried position to perform law enforcement related activities on, around and/or incidental to Defendant's campus located in Stanford, California.

7.       On information and belief, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY is a trust organized under the laws of the state of California, with its corporate headquarters located in Stanford, California.   On information and belief, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY employs or has employed, at

least forty (40) individuals in non-exempt positions related to its campus located in Stanford, California during the applicable statutory time periods stated herein.  At all relevant times, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY is and was Plaintiffs' and Collective Action Members' and California Class Members' "employer" as defined herein pursuant to 29 U.S.C. § 203 and California law.

## JURISDICTION AND VENUE

8.     Jurisdiction for this collective and class action is conferred on this Court by 28 U.S.C. § 1331, and § 216(b) of the FLSA. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

9.     This Court has supplemental jurisdiction over the California law claims alleged in this action pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the aforementioned claims.

10.     The United States District Court for the Northern District of California has personal jurisdiction over Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY because it does business in California and within this District, and because the acts as described herein giving rise to this action occurred in this State and within this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein, including the work performed by Plaintiffs and Collective Action Members and California Class Members, and the underpayment of wages earned but unpaid, occurred within the Northern District of California. Further, on information and belief, Defendant continues to perform substantial business operations within the Northern District of California.  Plaintiffs are currently employed by Defendant and performed work giving rise to the claims set forth in this action within the Northern District of California.  The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the state of California and within this judicial district.  Defendant is or was, at all times relevant hereto, a person, trust, corporation or other business entity existing and operating within the confines of the state of California, employing individuals to work within this state and this district, and thus subject to the jurisdiction of California courts by reason of "minimum contacts" in California, and/or by purposeful

COMPLAINT                                            *Taylor, et. al. v. Brd. of Trustees of the Leland Stanford Junior Univ.*

availment of the California market for labor of the kind provided by Plaintiffs and Collective Action Members and California Class Members, and did transact and conduct business in the state of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the state of California. Defendant maintains offices, operate businesses, employ persons, conducts business in, and pays employees by illegal payroll practices and policies in the state of California and within this district.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs, on behalf of themselves and all other Collective Action Members repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

13.     Plaintiffs bring the First Claim for Relief against Defendant for violation of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated individuals under the provisions of 29 U.S.C. § 216 for unpaid overtime wages, liquidated damages under a three-year statute of limitations, and relief incident and subordinate thereto, including attorney fees and costs.

14.     The First Claim for Relief for violations of the FLSA is brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations of the FLSA.

15.     Plaintiffs hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b) and 256.

16.     A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact.

17.      Plaintiffs and Collective Action members are similarly situated and are subject to Defendant's common practices, policies, or plans of failing to compensate them for all hours worked and refusing to pay the required amount of overtime compensation in violation of the FLSA.

18.     Plaintiffs, as collective action representatives, bring this action on behalf of all similarly situated individuals.  Pursuant to 29 U.S.C. § 216(b) the proposed "Collective Action" includes all individuals employed by Defendant in non-exempt positions related to its campus located in Stanford, California during the applicable statutory time periods stated herein that worked more than 40 hours of work in a workweek and received non-discretionary bonuses at any time for the three year period

prior to the filing of the instant Complaint and ending at the time this action proceeds to final judgment or settlement ("Collective Action Period"). Plaintiffs reserve the right to name additional class representatives and to identify sub-classes and sub-class representatives as may be necessary and appropriate.

19.    On information and belief, the identity of all Collective Action members is readily ascertainable from Defendant's records, and notice can be provided to them by conventional means such as U.S. mail, email, and workplace postings.

20.    Common questions of law and fact in the action exist that relate to and affect the rights of each member of the Collective Action, include but are not limited to:

a.    whether Defendant maintained a policy requiring Plaintiffs' and Collective Action members to work in excess of forty (40) hours per week without paying them full and proper overtime compensation due during the Collective Action Period;

b.    whether shift differential payments made by Defendant to Plaintiffs and Collective Action members pursuant to a collective bargaining agreement ("CBA") were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

c.    whether payments for educational attainment made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

d.    whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for acting as a field training officer assigned to a shift were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

e.    whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for acting as a field training officer not assigned to a shift were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

f.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for acting as a motor officer were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

g.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for meter maintenance and repair were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

h.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for bilingual skills were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

i.      whether shift coordinator differential payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

j.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for pedestrian zone coordinator were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

k.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for performing the duties of an events coordinator were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

l.      whether longevity payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for being employed for certain number of years were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

m.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA for performing the duties of a canine handler were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

n.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA to individuals assigned to investigatory duties for being on-call were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

o.      whether payments made by Defendant to Plaintiffs and Collective Action members pursuant to a CBA in lieu of retirement benefits were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due during the Collective Action Period;

p.      whether payments made by Defendant on behalf of Plaintiffs and Collective Action members towards a retirement program were made pursuant to a "bona fide" plan pursuant to 29 U.S.C. 207(e)(4) that could be excluded from the regular rate;

q.      whether Defendant provides similar non-discretionary bonuses as set forth in subsections (a) – (o) to individuals not covered by the CBA that are not included in their respective regular rate for the purposes of calculating overtime compensation due during the Collective Action Period;

r.      whether Plaintiffs and similarly situated individuals are entitled to an overtime backpay calculation pursuant to 29 CFR 778.113 for Defendant's unlawful exclusion of non-discretionary bonuses as set forth above

s.      whether Defendant's actions in violation of the FLSA were done in good faith;

t.      whether Defendant's violations of the FLSA were willful, knowing, and/or reckless for the purpose of the statute of limitations;

21.     On information and belief, the exact number of Collective Action members identified and described exceeds forty (40) persons.  The Collective Action is so numerous that joinder of individual claims herein is impracticable.

---

COMPLAINT                                           *Taylor, et. al. v. Brd. of Trustees of the Leland Stanford Junior Univ.*

22.    The attorneys for Plaintiffs and the Collective Action members are experienced and capable in the field of the FLSA and labor/employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David E. Mastagni, Isaac S. Stevens and Ace T. Tate will actively conduct and be responsible for Plaintiffs' case herein.

23.    This action is properly maintained as a collective action because the prosecution of separate actions by individual Collective Action members would create a risk of varying adjudications, establish incompatible standards of conduct for the Defendant, and as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

24.    Since Plaintiffs and Collective Action members were/are subject to Defendant's common practices, policies, or plans of failing to compensate at legally required rate in violation of the FLSA, this Court should conditionally certify the Collective Action and authorize facilitated notice to similarly situated individuals pursuant to Section 16(b) of the FLSA and *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

25.    On information and belief, the names and addresses of Collective Action members are contained in records of Defendant, and notice should be provided by first class mail to their last known address and by workplace posting as soon as possible.

## CLASS ACTION ALLEGATIONS

26.    Plaintiffs, on behalf of themselves and all other individuals similarly situated, repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

27.    Plaintiffs, as class representatives, bring this action on behalf of themselves and a class of similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23. The proposed "California Class" includes all individuals employed by Defendant in non-exempt positions related to its campus located in Stanford, California during the applicable statutory time periods stated herein that worked more than 40 hours of work in a workweek and received non-discretionary bonuses at any time for the four year period prior to the filing of the instant Complaint and ending at the time this action proceeds to final judgment or settlement ("Class Action Period"). Plaintiffs reserve the right to name additional class representatives and to identify sub-classes and sub-class representatives as may

be necessary and appropriate.

28.    <u>Ascertainability</u>. The identity of all California Class members is readily ascertainable from Defendant's records, and class notice can be provided to them by conventional means such as U.S. mail, email, and workplace postings.

29.    <u>Numerosity</u>. The size of the class makes a class action both necessary and efficient.   On information and belief, the class consists of over 40 non-exempt employees currently employed or formerly employed by Defendant who performed work within the state of California during the applicable statute of limitations period(s). Members of the class are ascertainable but so numerous that joinder is impracticable. The class includes future class members who will benefit from the monetary, declaratory and injunctive relief sought herein and whose joinder is inherently impossible.

30.    <u>Common Questions of Law and Fact</u>. This case poses common questions of law and fact, which are likely to generate common answers advancing resolution of the litigation, affecting the rights of all Class Members, including:

      a.    The legality of Defendant's compensation practices;

      b.    Defendant's policies, practices, programs, procedures, protocols, and plans regarding the prompt payment of wages;

      c.    whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding recording and calculation of the payment of overtime are lawful;

      d.    whether Defendant timely paid wages earned outside the normal work period pursuant to California Labor Code § 204

      e.    whether Defendant's failure to timely pay wages was willful or intentional for the purposes of California Labor Code § 210;

      f.    whether Defendant completely relieved Plaintiffs and California Class members assigned to investigations of all duty during meal periods for the purposes of IWC Wage Order 5 §11 and California Labor Code § 512;

      g.    whether Plaintiffs and California Class members assigned to investigations are entitled to one hour their regular rate of pay for Defendant's failure to completely relieve them of all duties during meal periods pursuant to IWC Wage Order 5 §11 and California Labor Code §

226.7;

h.     whether Defendant completely relieved Plaintiffs and California Class members assigned to investigations of all duty during rest periods for the purposes of IWC Wage Order 5 §12 and California Labor Code § 226.7;

i.     whether Plaintiffs and California Class members assigned to investigations are entitled to one hour their regular rate of pay for Defendant's failure to completely relieve them of all duties during rest periods pursuant to IWC Wage Order 5 §12 and California Labor Code § 226.7;

j.     whether Defendant's failure to pay Plaintiffs and California Class members assigned to investigations for meal periods during which they were not completely relieved of all duty constituted a violation of California's minimum wage law;

k.     whether Plaintiffs' and California Class Members assigned to investigations are entitled to their agreed upon and/or statutory rate for meal periods they were not completely relieved of all duties pursuant to California's minimum wage law;

l.     whether Defendant willfully failed to make timely payment of final wages to California Class members who quit or have been discharged, as required by California Labor Code §§ 201-03;

m.     whether Defendant provided Plaintiffs and California Class Members with itemized wage statements that reflected among other things the total hours worked, gross wages earned and net wages earned as required by California Labor Code § 226;

n.     whether Defendant maintained records for Plaintiffs and California Class Members as required by California Labor Code §§226 and 1174 and IWC Wage Order No. 5 §7;

o.     whether Plaintiffs and California Class members are entitled to penalties pursuant to the Private Attorney General Act ("PAGA") for Defendant's violation of the California Labor Code and/or IWC Order 5;

p.     whether Defendant engaged in unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq*. by violating the California Labor Code and/or IWC Order 5;

q.      whether the named Defendant conspired with other with any unnamed co-conspirator(s), as alleged herein;

r.      what relief is necessary to remedy Defendant's unfair and unlawful conduct alleged herein.

31.      <u>Typicality</u>. The claims of the individual Plaintiffs are typical of the claims of the class as a whole. Defendant's unlawful wage policies and practices, which have operated to deny Plaintiffs the overtime premiums, contractually guaranteed wages for all hours of work and untimely payment thereof, and other compensation, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other California Class members lawful compensation.

32.      <u>Adequacy of Class Representation</u>. The individual Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, not antagonistic to, the interests of the California class.

33.      <u>Adequacy of Counsel for the Class</u>. Counsel for Plaintiffs have the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment and class action attorneys who have successfully litigated other cases involving similar wage and hour issues, including on a class action basis.

34.      <u>Propriety of Class Action Mechanism</u>. This suit is properly maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendant has implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. This suit is also properly maintainable as a class action because the common questions of law and fact predominate over any questions affecting only individual members of the class. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

## **GENERAL FACTUAL ALLEGATIONS**

35.      Plaintiffs are non-exempt employees of Defendant.  Their primary duties involve performing law enforcement related activities on, around and/or incidental to Defendant's campus located in

Stanford, California.   On information and belief, other members of the Collective Action and California Class perform similar duties.

36.    Plaintiffs' hours, wages and other terms and conditions of employment are governed in part by a collective bargaining agreement (hereafter "Agreement") between the Stanford Deputy Sheriffs' Association and the Board of Trustees of the Leland Stanford Junior University.   On information and belief, other Collective Action and California Class members are subject to the same agreement.

37.    Plaintiffs are paid a base salary pursuant to the Agreement.   On information and belief, Collective Action and California Class members are also paid a salary pursuant to the Agreement.

38.    In addition to base salary, the Agreement (and its predecessor) requires Defendant to pay Plaintiffs, and on information and belief, other members of the Collective Action and California Class, various incentive payments in addition to their base salary, including but not limited to:

    a.    a differential to employees who work certain hours ("Shift Differential Incentive").

    b.    a salary enhancement for achieving a certain level of education attainment ("Education Incentive").

    c.    a salary enhancement if selected and assigned to a shift rotation as a field training officer ("SAFTO Incentive").

    d.    a salary enhancement for performing the duties of a field training officer ("FTO Incentive") if not serving as a shift assigned field training officer.

    e.    a salary enhancement for performing the duties of a motor officer ("Motor Incentive").

    f.    a salary enhancement for parking meter maintenance and repair ("MMR Incentive").

    g.    a salary enhancement for employees covered by the agreement that possess bilingual abilities. ("Bilingual Incentive").

    h.    a salary enhancement for performing the duties of a Shift Coordinator. ("Shift Coordinator Incentive").

    i.    a salary enhancement for performing the duties related to coordinating pedestrian zones. ("Pedestrian Zone Coordinator Incentive").

    j.    a salary enhancement for performing the duties related to coordinating events. ("Events Coordinator Incentive").

k.      a salary enhancement for completing a minimum number of years of employment with Defendant. ("Longevity Incentive").

l.      a salary enhancement for performing the duties of a canine handler. ("Canine Handler Incentive").

m.      a salary enhancement for performing on-call duties. ("On-Call Incentive").

39.      Defendant excluded the incentives set forth in paragraph 38 it paid to Plaintiffs from the calculation of their respective regular rate when they worked beyond forty (40) hours in a workweek for the four year period prior to the filing of this complaint.  On information and belief, Defendant excluded the incentives set forth in paragraph 38 from Collective Action and California Class member's respective regular rates of pay when they worked beyond forty (40) hours in a workweek for the four year period prior to the filing of this complaint.

40.      On information and belief, Collective Action members and California Class members not covered by the Agreement also received incentives and pay items equivalent to those set forth in paragraph 38.  On information and belief, Defendant excluded this compensation from these individuals' respective regular rates of pay when they worked beyond forty (40) hours in a workweek for the four year period prior to the filing of this complaint.

41.       On information and belief, Defendant never sought an opinion from the United States Department of Labor whether its practice of excluding the incentives set forth in paragraph 38 or paragraph 40 from the regular rate of Collective Action members and California Class members was lawful for the purposes of FLSA.

42.      The Agreement also provides that employees are eligible to receive contributions made on their behalf towards retirement plan. ("SRCP Contribution Incentive") Plaintiffs and members of the Collective Action and California Class Action are eligible to receive some or all of their SRCP contributions as direct cash payments in lieu of contributions. ("In Lieu of Retirement Incentive") Defendant paid Plaintiffs In Lieu of Retirement Incentive compensation pursuant to the Agreement during the four year period prior to the filing of this action.  When Defendant paid In Lieu of Retirement Incentive compensation to Plaintiffs, it excluded these payments from their respective regular rate for the purposes of calculating overtime compensation when they worked beyond forty

(40) hours in a workweek.  On information and belief, during the four year period prior to the filing of this action, Defendant excluded In Lieu of Retirement Incentive payments it made to Collective Action and California Class members from their respective regular rate of pay for the purposes of calculating overtime compensation when these individuals worked beyond 40 hours in a workweek. On information and belief, Defendant never sought an opinion from the United States Department of Labor whether its practice of excluding In Lieu of Retirement Incentive from the regular rate was lawful for the purposes of FLSA.

43.     Plaintiffs are informed and believe the total In Lieu of Retirement Incentive Plan payments are more than incidental of the SRCP.  Further, Plaintiffs are informed and believe that Defendant's SRCP is not bona fide.  During the four year period prior to the filing of this action, Defendant SCRP Contribution Incentive payments on behalf of Plaintiffs to the SRCP.   When Defendant made these contributions on behalf of Plaintiffs, it excluded these payments from their respective regular rate for the purposes of calculating overtime compensation when they worked beyond forty (40) hours in a workweek.  On information and belief, during the four year period prior to the filing of this action, Defendant excluded SCRP Contribution Incentive payments it made to SRCP on behalf of Collective Action and California Class members from their respective regular rate of pay for the purposes of calculating overtime compensation when these individuals worked beyond 40 hours in a workweek.

44.     On information and belief, Defendant provides similar In Lieu of Retirement Incentive compensation as well as SCRP Contribution Incentive payments to employees not covered by the Agreement.   Further, on information and belief, Defendant does not include these In Lieu of Retirement Incentive payments and SCRP Contribution Incentive payments to Collective Action and California Class members not covered by the Agreement in their respective regular rate of pay for the purposes of calculating overtime compensation for the four year period prior to the filing of this complaint.

45.     Plaintiffs were assigned to be investigators during the four year period prior to the filing of this action.  During the four year period prior to the filing of this action, Defendant required Plaintiffs to monitor their cell phone during meal periods in the event they receive a call from a supervisor regarding new or ongoing case contacts and parties.  On information and belief, during the four year

period prior to the filing of this action, the same is true for all Collective Action members and California Class members that were assigned to be investigators. Defendant did not pay Plaintiffs one hour at their regular rate of pay for failing to relieve them of all duties for these periods. On information and belief, during the four year period prior to the filing of this action, the same is true for all California Class members that were assigned to be investigators. Defendant unilaterally deducted these time periods from the hours worked by Plaintiffs and furnished no compensation to them. On information and belief, during the four year period prior to the filing of this action, the same is true for other members of the Collective Action and California Class members assigned to be investigators.

46.     During the four year period prior to the filing of this action, Defendant required Plaintiffs to monitor their cell phone during rest periods in the event they receive a call from a supervisor regarding new or ongoing case contacts and parties. On information and belief, during the four year period prior to the filing of this action, the same is true for all California Class members that were assigned to be investigators. During the four year period prior to the filing of this action, Defendant did not pay Plaintiffs one hour at their regular rate of pay for not completely relieving them of their duties during rest breaks. On information and belief, the same is true for Collective and California Class members.

47.     During the four year period prior to the filing of this action, Defendant issued wage statements to Plaintiffs on a semi-monthly basis. On information and belief, during the four year period prior to the filing of this action, the same is true for California Class members.

48.     During the four year period prior to the filing of this action, Defendant issued wage statements to Plaintiffs that identified "The Board of Trustees of the Leland Stanford Junior University" as their employer. On information and belief the same is true for California Class members.

49.     During the four year period prior to the filing of this action, Defendant furnished wage statements to Plaintiffs that did not provide the gross wages earned by Plaintiffs because of Defendant's uniform policy of exclusion of any incentive payments paid pursuant to the Agreement in their respective regular rate for the purpose of calculating overtime compensation. On information and belief the same is true for California Class members.

50.     During the four year period prior to the filing of this action, Defendant furnished wage statements to Plaintiffs that did not provide the net wages earned by Plaintiffs because of Defendant's

uniform policy of exclusion of any incentive payments paid pursuant to the Agreement in their respective regular rate for the purpose of calculating overtime compensation.  On information and belief the same is true for California Class members.

51.    During the four year period prior to the filing of this action, Defendant furnished wage statements to Plaintiffs that did not provide the number of hours worked by Plaintiffs, specifically those unilaterally deducted for meal periods in which they were not completely relieved of all duty. On information and belief the same is true for California Class members that were assigned to investigations.

52.    Pursuant to the notice requirements of the California Private Attorneys General Act (Cal. Labor Code §§ 2698 *et. seq.*), Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendant and the California Labor Workforce and Development Agency ('LWDA') on April 27, 2018.  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act
### [29 U.S.C.  §§ 201 *et. seq.*]
### (Brought by Plaintiffs on behalf of themselves and all Collective Action Members)

53.    Plaintiffs, on behalf of themselves and all members of the Collective Action, re-allege and incorporate by reference all previous paragraphs.

54.    29 U.S.C § 207 guarantees to non-exempt employees overtime compensation at one and half times their regular rate of pay for all hours worked beyond forty (40) in a workweek.

55.    Pursuant to 29 U.S.C. § 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)  Further, pursuant to 29 CFR 778.106, an employer is required to pay all overtime compensation by the following pay period's pay date.

56.    29 CFR 778.211(c) states in part "… [A]ny bonus which is promised to employees upon hiring or which is the result of collective bargaining would not be excluded from the regular rate under this provision of the Act.  Bonuses which are announced to employees to induce them to work more

steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay…".

57.     It is well-established that the most common incentive payments are includable in the regular rate. (*Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 462–63, (1948) (shift differentials); *Featsent v. City of Youngstown,* 70 F.3d 900, 904-905 (6th Cir. 1995) (education pay); 29 CR 778.223 "on-call" pay; *O'Brien v. Town of Agawam* 350 F.3d 279, 295 (1st Cir. 2003) (longevity payments).)

58.     The Ninth Circuit has definitively decided that direct cash payments in lieu of benefits are not excludable from the regular rate because it is understood as compensation for services even though they are not directly attributable to specific hours of work. (*Flores v. City of San Gabriel* 824 F.3d 890 (9th Cir. 2016)(court concluded that cash payments in lieu of health benefits were not excludable from the regular rate pursuant to 207(e)(4) or 207(e)(2)'s "other similar payments" clause).)  Further, if plan allows an employee the option of taking cash payments in lieu of such contributions will only qualify as "bona fide" if the aggregate cash payments are merely incidental of the total plan spending.  (29 C.F.R. 778.215(a)(5).)  If direct cash payments are more than "incidental" the plan is not bona fide for the purposes of 29 U.S.C. § 207(e)(4) and any contributions towards such plan must be included in the regular rate.

59.     If an integral part of an employee's job duty is to "wait for something to happen" during a meal then this predominantly benefits the employer making such a period compensable under the FLSA. (*Havrilla v. United States* 125 Fed. Cl. 454, 465 (2016).)

60.     Plaintiffs and Collective Action members are, or were, employed by the Defendant within the last three (3) years.

61.     Plaintiffs and Collective Action members are non-exempt salaried employees entitled to overtime compensation pursuant to 29 U.S.C. § 207 and 29 CFR 778.113.

62.     Plaintiffs and Collective Action members' wages and other terms and conditions of employment are governed in part by the Agreement.  Plaintiffs and Collective Action members covered by the Agreement are eligible to earn incentives as set forth above in addition to their base salary.  These incentives are provided to Plaintiffs and Collective Action members to induce them to perform extra duties as well remain within the employ of the Defendant.  On information and belief,

COMPLAINT                                                    *Taylor, et. al. v. Brd. of Trustees of the Leland Stanford Junior Univ.*

Defendant provides similar incentives to Collective Action members not covered by the Agreement.

63.     Defendant caused Plaintiffs and Collective Action members to regularly work beyond forty (40) hours in a workweek during the Collective Action Period.

64.     During the Collective Action Period, Defendant excluded among other things the incentive payments set forth in the preceding paragraphs it paid to Plaintiffs and Collective Action members from the calculation of their respective regular rate for the purposes of determining overtime compensation due under the FLSA.

65.     During the Collective Action Period, Defendant unilaterally deducted the total hours worked by Plaintiffs and Collective Action members assigned to investigations during meal periods in which they were not completely relieved of all duties when they worked beyond forty (40) hours in a workweek.

66.     Based on the foregoing, Plaintiffs and Collective Action members have not received all overtime compensation to which they are entitled under the FLSA, and on information and belief the same is true for other members of the Collective Action.

67.     At all times relevant hereto, Defendant knew or should have known of their obligations to pay Plaintiffs and similarly situated individuals overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

68.     Defendant's failure to fully compensate Plaintiffs for all overtime hours worked at the correct legal rate during the Collective Action period was not in good faith, and was a willful violation of the FLSA.

69.     As a result of the foregoing violations of the FLSA alleged herein, Plaintiffs on behalf of themselves and all over similarly situated individuals of the Collective Action are entitled to back pay for lost overtime compensation calculated based on the salaried method set forth in 29 CFR 778.113 as well as an equal amount liquidated damages, reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

///

///

///

**SECOND CLAIM FOR RELIEF**
**Failure to Provide Required Meal & Rest Periods or Pay Meal & Rest Period Premiums**
**[Cal. Labor Code §§ 226.7, 512, 1198, 2698-2699.5; IWC Wage Order No. 5 §§11, 12]**
**(Brought by Plaintiffs on behalf of themselves and all California Class Members Assigned to Investigations)**

70.     Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

71.     California Labor Code § 512 directs that employers must provide a meal period consisting of an uninterrupted period of thirty (30) minutes to employees who work more than five (5) hours per day, and a second meal period consisting of an uninterrupted period of thirty (30) minutes to employees who work more than ten (10) hours per day.  Similarly, Wage Order 5 section 11 states that unless an employee is completely relieved of all duties, the meal period is considered on duty and the employee must be paid.

72.     Section 11 of Wage order 5 requires an employer to permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  These periods must also be duty free.  An employer who requires an employee to remain subject to call during these periods does not satisfy its obligation to completely relieve employees of all duty. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 270.)

73.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

74.     Under the California Labor Code Private Attorneys General Act, California Labor Code §§ 2698 *et. seq.* ("PAGA"), any aggrieved employee may bring a representative action as a Private Attorney General on behalf of the general public, including all other aggrieved employees to recover civil penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the Labor Code, and must be allocated 75 percent to the State of California's Labor and Workforce Development Agency and 25 percent to the aggrieved worker, pursuant to California Labor Code § 2699  Unless the California Labor Code specifically states a different penalty, an aggrieved employee may seek a penalty assessment for an

underlying code violation in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

75.     During the California Class Period, Defendant required Plaintiffs and California Class member assigned to investigations to monitor their cell phone during meal and rest periods in the event they receive a call from a supervisor regarding new or ongoing case contacts and parties.  As such, Defendant did not completely relieve Plaintiffs and California Class members assigned to investigations of all duties in violation of California law.

76.     During the California Class Period, Defendant did not pay meal and rest period premiums to Plaintiffs and California Class members assigned to investigations when it required these individuals to monitor their cell phone during meal and rest periods in the event they receive a call from a supervisor regarding new or ongoing case contacts and parties.

77.     Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendant and the California Labor Workforce and Development Agency ('LWDA") on April 27, 2018 pursuant to the Private Attorney General Act (Cal. Lab. Code §§ 2698 *et. seq.* ("PAGA").)  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

78.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs and California Class Members are entitled to meal and rest period premiums in an amount to be established at trial.  Further, Plaintiffs are also entitled to recover civil penalties pursuant to PAGA on behalf of themselves and all other aggrieved current and former employees assigned to investigations as well as attorney fees and costs for Defendant's violations of the California Labor Code and IWC Wage Order 5.

### THIRD CLAIM FOR RELIEF
**Failure to Pay Minimum Wages for all Hours Worked**
**[Cal Labor Code §§ 218, 218.5, 218.6, 221, 222, 223, 1182.12, 1194, 1197, 1198; IWC Wage Order No. 5 §4]**
**(Brought by all Plaintiffs on behalf of themselves and All California Class Members Assigned to Investigations)**

79.     Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

80.     California Labor Code §§ 1182.12 and 1197, and IWC Wage Order 5 section 4, require employers to pay employees minimum wage for all hours worked. California does not allow an employer to satisfy its minimum wage obligation by taking all compensation actually paid and dividing it by all hours worked.  Rather an employee must be compensated at their agreed and/or statutory rate for all hours worked. (See *Bluford v. Safeway, Inc.* (2013) 216 Cal.App.4th 864, 872; *Gonzalez v. Downtown Motors* (2013) 215 Cal.App.4th 36; *Armenta v. Osmose, Inc.* (2006) 135 Cal.App.4th 314, 320.)

81.     The California Labor Code and Wage Order 5 requires an employer to completely relieve employees from all duties during meal periods.

82.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits. California Labor Code § 1194(a) provides that an employer that has failed to pay its employees their agreed upon rate or at least the legal minimum wage for all hours worked is liable to pay those employees the unpaid balance, interest thereon, attorney fees and costs.

83.     Pursuant to PAGA and California Labor Code § 1197.1 an aggrieved employee may seek a civil penalty when their employer pays or causes to be paid to any employee a wage less than the minimum a penalty of one hundred dollars ($100) for each underpaid employee. For each subsequent violation for the same specific offense, an employer is subject to a penalty of two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

84.     During the California Class Period, Defendant required Plaintiffs and California Class member assigned to investigations to monitor their cell phone during meal periods in the event they receive a call from a supervisor regarding new or ongoing case contacts and parties.  The Defendant unilaterally deducted these on duty meal periods from the total hours worked by Plaintiffs and California Class members assigned to investigations.  As such, Plaintiffs and California Class members did not receive any compensation for these on duty meal periods.

85.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs and California Class Members assigned to investigations have sustained economic damages and are entitled to unpaid contract rate/statutory wages, and lost interest, in an amount to be established at

trial.  Further, Plaintiffs, as aggrieved employees are entitled to seek civil penalties pursuant to PAGA on behalf of themselves as well as all other current and former employees assigned to investigations as well as attorney fees and costs for Defendant's violations of the California Labor Code and IWC Wage Order 5 §4.

**FOURTH CLAIM FOR RELIEF**
**Failure to Timely Pay All Wages When Due**
**[Cal. Labor Code §§ 204, 210]**
**(Brought by Plaintiffs on behalf of themselves and all the California Class members)**

86.     Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

87.     California Labor Code § 204 requires an employer to pay all wages to its employees when those wages are due.  This section requires all wages be paid on at least a semi-monthly basis.  Further, this section provides that any wages earned for labor in excess of the normal work period must be paid no later than the following pay period's pay date.

88.     Pursuant to PAGA and California Labor Code § 210 an aggrieved employee may seek a civil penalty for an employer's violation of § 204 for an initial violation of $100 for each failure to pay each employee.  For each subsequent violation or any willful or intentional violation an employer is subject to a penalty of $200 for each failure to pay each employee in accordance with § 204 plus 25 percent of the amount unlawfully withheld.

89.     During the California Class Period, Plaintiffs and California Class members earned but have not been paid: overtime compensation as a result of Defendant's uniform under calculation of the regular rate, meal and rest break premiums as well as wages at their agreed upon and/or statutory rate for on duty meal periods that were unilaterally subtracted from the total hours worked.

90.     Defendant failed and continues to fail to pay these wages to Plaintiffs and other current employees.

91.     Defendant's failure to timely pay these wages when due was willful and/or intentional.

92.     Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendant and the California Labor Workforce and Development Agency ('LWDA') on April 27, 2018.  The LWDA has declined to communicate their intent to investigate the allegations set forth in

this notice.

93.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs as aggrieved employees are entitled to seek civil penalties pursuant to PAGA on behalf of themselves as well as all other current and former aggrieved employees as well as attorney fees and costs for Defendant's violations of the California Labor Code § 204.

**FIFTH CLAIM FOR RELIEF**
**Failure to Pay All Wages Due to Discharged and Quitting Employees**
**[Cal. Labor Code §§ 201, 202, 203]**
**(Brought by Plaintiff on behalf of themselves and All California Class Members)**

94.     Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

95.     California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon the employee's discharge from employment.

96.     California Labor Code § 202 requires an employer promptly to pay all compensation due and owing to an employee within 72 hours after that employee's employment terminates, including by resignation.

97.     California Labor Code § 203 provides that if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, as required by §§ 201 and 202, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

98.     By failing to compensate California Class Members as set forth above - including but not limited to the under calculation of the regular rate, meal and rest break premiums for not completely relieving individuals of all duty during these periods, as well as wages at the agreed upon rate for on duty meal periods that were unilaterally subtracted from the total hours worked– Defendant willfully failed and continues to fail to pay all these wages earned by California Class Members who quit or were discharged in violation of California Labor Code §§ 201 and 202.

99.     Defendant's failure to timely pay these wages when due was willful and/or intentional.

100.    Plaintiffs' dispatched notice detailing the foregoing violations via certified mail to the

Defendant and the California Labor Workforce and Development Agency ('LWDA') on April 27, 2018. The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

101. As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs are entitled to seek waiting time penalties pursuant to PAGA and California Labor Code § 203 on behalf of all former employees that quit or were discharged as well as attorney fees and costs for Defendant's violations of the California Labor Code §§ 201, 202.

## SIXTH CLAIM FOR RELIEF
### Failure to Maintain Required Records
### [Cal. Labor Code §§ 226, 226.3, 1174, 1198; IWC Wage Order No. 5 §7]
### (Brought by Plaintiffs on behalf of themselves and all California Class Members)

102. Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

103. California Labor Code § 1174(c)-(d) requires employers to keep records showing the names and addresses of all employees employed, and to keep, at a central location in the State of California or at the establishments at which employees are employed, payroll records showing the hours worked daily and the wages paid to all employees employed at the establishment.

104. IWC Wage Order 5 §7(A)(3) further requires employers to keep time records showing when the employee begins and ends each work period and any meal periods. Under §7(A)(5), employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request. Under §7(C), all required records must be in the English language and in ink or other indelible form, properly dated, showing month, day, and year, and must be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. Under both §7(C) and California Labor Code § 226(b), all required records must be available for inspection by an employee upon reasonable request.

105. California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

106. Pursuant to PAGA and California Labor Code § 1174.5 an aggrieved employee may seek a civil penalty from an employer who willfully fails to maintain the records required by subdivision (c)

of § 1174 or accurate and complete records required by subdivision (d) of § 1174 in the amount of five hundred dollars ($500).

107.    Defendant's policies and practices, including but not limited its uniform under calculation of the regular rate, failing to pay meal and rest break premiums for not completely relieving individuals of all duty during these periods as well as failing to pay wages at the agreed upon and/or statutory rate for on duty meal periods that were unilaterally subtracted from the total hours worked constitutes a willful failure and continues to willfully fail to maintain accurate, complete, and readily available records, in violation of California Labor Code § 1174 and IWC Wage Order 5 §7.

108.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendant and the California Labor Workforce and Development Agency ('LWDA') on April 27, 2018.  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

109.    As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs as aggrieved employees are entitled to seek civil penalties pursuant to PAGA on behalf of themselves and all other current and former aggrieved employees as well as attorney fees and costs for Defendant's failure to maintain accurate records.

## SEVENTH CLAIM FOR RELIEF
### Failure to Furnish Accurate Itemized Wage Statements
### [Cal. Labor Code §§226, 226.3; IWC Wage Order No. 5 §7]
### (Brought by Plaintiffs on behalf of themselves and all California Class Members)

110.    Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

111.    California Labor Code § 226(a) requires an employer semimonthly or at time of paying wages to provide to their employees detailed wage and hour information including but not limited to the gross wages earned, net wages earned and the total hours worked.

112.    California Labor Code § 226(e) provides that an employee who suffers injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) may recover the greater of actual damages or civil penalties of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period up to an aggregate amount of $4,000.

COMPLAINT                                                    *Taylor, et. al. v. Brd. of Trustees of the Leland Stanford Junior Univ.*

113.    California Labor Code § 1198 makes employment of an employee under conditions the IWC prohibits unlawful.

114.    Pursuant to PAGA and California Labor Code § 226.3 an aggrieved employee may seek a civil penalty when an employer violates subdivision (a) of § 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of § 226.

115.    Defendant's policies and practices, including but not limited its uniform under calculation of the regular rate, failing to pay meal and rest break premiums for not completely relieving Plaintiffs and California Class members of all duty during these periods as well as wages at the agreed upon and/or statutory rate for on duty meal periods that were unilaterally subtracted from the total hours worked.  As a result, Defendant furnished itemized wage statement information to Plaintiffs and California Class members that did not reflect gross earned, net wages earned and total hours worked in violation of California Labor Code § 226.  This failure has injured, continues to injure, and was intended to injure Plaintiffs and California Class Members by, among other things, forcing them to refer to other documents including but not limited to time cards and tax forms to determine the total hours worked, gross wages earned and net wages earned.

116.    Plaintiffs dispatched notice detailing the foregoing violations via certified mail to the Defendant and the California Labor Workforce and Development Agency ('LWDA') on April 27, 2018.  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

117.    As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs and California Class Members are entitled to seek damages and statutory penalties in an amount to be established at trial as well as attorney fees and costs for Defendant's failure to furnish wage statements that complied with California Labor Code § 226 that resulted in an injury.  Further, Plaintiffs as aggrieved employees are entitled to seek civil penalties pursuant to PAGA on behalf of themselves and all other current and former aggrieved employees as well as attorney fees and costs for Defendant's

failure to furnish itemized wage statements that complied with California Labor Code § 226.

**EIGHTH CLAIM FOR RELIEF**
**Unfair and Unlawful Business Practices**
**[Cal. Bus. & Prof. Code §§ 17200 *et seq*.]**
**(Brought by Plaintiffs on behalf of themselves and all California Class Members)**

118.     Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

119.     Defendant engaged in unfair and unlawful business practices in violation of California Business & Professions Code §§ 17200 *et seq.* including but not limited to failing to pay all overtime compensation due pursuant to the FLSA, failing to pay meal and rest break premiums for its failure to completely relieve Plaintiffs and California Class members individuals of all duty during these periods, as well as failing to pay wages at the agreed upon rate for these periods that were unilaterally subtracted from the total hours worked.

120.     Plaintiffs are informed and believe, that by engaging in the unfair and unlawful business practices complained of above, Defendant was able to lower its labor costs and thereby obtain a competitive advantage over law-abiding employers with which it competes, in violation of California Business & Professions Code §§ 17200 *et seq.* California Labor Code § 90.5(a) sets forth the public policy of California to vigorously enforce minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions and to protect law-abiding employers and their employees from competitors that lower their costs by failing to comply with minimum labor standards.

121.     As a direct and proximate result of Defendant's unfair and unlawful conduct as alleged herein, Plaintiffs and California Class Members have sustained economic injury and damages, including unpaid overtime wages and lost interest, as well as unpaid meal and rest break premiums, and unpaid wages for meal periods in which they were not completely relieved of all duty which were deducted from the total hours worked in an amount to be established at trial. Plaintiffs and California Class Members seek this restitution as well as disgorgement all profits that Defendant enjoyed as a result of their unfair and unlawful business practices.

///

COMPLAINT                                                                 *Taylor, et. al. v. Brd. of Trustees of the Leland Stanford Junior Univ.*

1

2

3

4

### NINTH CLAIM FOR RELIEF
**Declaratory Judgment**
**[28 U.S.C 2201, Cal. Code of Civil Procedure §§ 1060 *et seq*.]**
**(Brought by Plaintiffs on behalf of themselves and all Collective Action and California Class Members)**

5

6

122.    Plaintiffs, on behalf of themselves and all members of the Collective Action and the California Class, re-allege and incorporate by reference all previous paragraphs.

7

8

9

10

11

12

13

123.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties with respect to the FLSA, for which Plaintiffs desire a declaration of rights and other relief available pursuant to 28 U.S.C. §2201 and Federal Rules of Civil Procedure 57.  An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above under California law, for which Plaintiffs desire a declaration of rights and other relief available pursuant to the California Declaratory Judgment Act, California Code of Civil Procedure §§ 1060 *et seq*.

14

15

16

124.    A declaratory judgment is necessary and proper in that Plaintiffs contend that Defendant has committed and continue to commit the violations set forth above and Defendant, on information and belief, will deny that they have done so and/or that they will continue to do so.

17

18

19

125.    An actual controversy exists between the Plaintiffs and Defendant as to whether the incentive payments described herein made to Plaintiffs and Collective Action and California Class members can be excluded from the regular rate for the purposes of the FLSA and California law.

20

21

22

126.    Plaintiffs are informed and believe Defendant contends that the foregoing Incentive payments made to Plaintiffs and Collective Action and California Class members are not required to be included in the regular rate for the purposes of the FLSA and California law.

23

24

25

127.    Plaintiffs are entitled to a judicial determination that the foregoing Incentive payments made to Plaintiffs and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

26

27

28

128.    An actual controversy exists between the Plaintiffs and Defendant as to whether Defendant's requirement for Plaintiffs and Collective Action members assigned to investigations to remain on call during meal periods is compensable time under the FLSA.

---

129.    Plaintiffs are informed and believe Defendant contends its requirement for Plaintiffs and Collective Action members assigned to investigations to remain on call during meal periods is not compensable time under the FLSA.

130.    Plaintiffs are entitled to a judicial determination that Defendant's requirement that Plaintiffs and Collective Action members assigned to investigations remain on call during meal periods is compensable time under the FLSA.

131.    An actual controversy exists between the Plaintiffs and Defendant as to whether Plaintiffs' and Collective Action and California Class members are salaried employees pursuant to 29 CFR 778.113 for the purposes of FLSA liability for Defendant's under calculation of the regular rate.

132.    Plaintiffs are informed and believe Defendant contends that Plaintiffs' and Collective Action and California Class members are not salaried employees pursuant to 29 CFR 778.113 for the purposes of FLSA liability for its alleged under calculation of the regular rate.

133.    Plaintiffs and Collective Action members are entitled to a judicial determination that they are salaried employees pursuant to 29 CFR 778.113 for the purposes of FLSA liability for Defendant's under calculation of the regular rate.

134.    An actual controversy exists between Plaintiffs and Defendant as to whether Defendant's failure to pay all overtime compensation due Plaintiffs and Collective Action members under the FLSA was in good faith entitling them to liquidated damages.

135.    Plaintiffs are informed and believe Defendant contends that its actions were in good faith for the purposes of the FLSA not entitling Plaintiffs and Collective Action members to liquidated damages.

136.    Plaintiffs are entitled to a judicial determination that Defendant's failure to pay all overtime compensation due to Plaintiffs and Collective Action members under the FLSA was not in good faith entitling them to liquidated damages.

137.    An actual controversy exists between Plaintiffs and Defendant as to whether Defendant's failure to pay all overtime compensation due Plaintiffs and Collective Action members under the FLSA was reckless and/or an intentional, knowing constituting a willful violation.

138.    Plaintiffs are informed and believe Defendant contends its actions were not reckless and/or an

intentional, knowing constituting a willful violation under the FLSA.

139.   Plaintiffs are entitled to a judicial determination that Defendant's failure to pay all overtime compensation due Plaintiffs and Collective Action members due under the FLSA was reckless and/or an intentional, knowing, constituting a willful violation.

140.   An actual controversy exists between Plaintiffs and Defendant as to whether Defendant failed to promptly pay all wages earned in excess of the normal work period when due Plaintiff and California Class members for the purposes of California Labor Code § 204.

141.   Plaintiffs are informed and believe Defendant contends it promptly paid Plaintiffs and California Class members all wages earned in excess of the normal work period when due for the purposes of California Labor Code § 204.

142.   Plaintiffs are entitled to a judicial determination that Defendant failed to promptly pay all wages earned in excess of the normal work period when due to Plaintiffs and California Class members for the purposes of California Labor Code § 204.

143.   An actual controversy exists between Plaintiffs and Defendant as to whether Defendant's failure to promptly pay all wages earned in excess of the normal work period to Plaintiffs and California Class members was willful and/or intentional for the purposes of California Labor Code § 210.

144.   Plaintiffs are informed and believe Defendant contends that it did not willfully or intentionally fail to promptly pay all wages when due to Plaintiff and California Class members.

145.   Plaintiffs are entitled to a judicial determination that Defendant willfully and/or intentionally failed to promptly pay all wages when due for the purposes of California Labor Code § 210.

146.   An actual controversy exists between Plaintiffs and Defendant as to whether Defendant failed to completely relieve Plaintiffs and California Class members assigned to investigations of all duties during meal periods for the purposes of IWC Wage Order 5 Section 11 and California Labor Code § 512.

147.   Plaintiffs are informed and believe Defendant contends it completely relieved Plaintiffs and California Class members assigned to investigations of all duties during meal periods.

148.   Plaintiffs are entitled to a judicial determination that Defendant did not completely relieve

Plaintiffs and California Class members assigned to investigations of all duties during meal periods.

149.    An actual controversy exists between Plaintiffs and Defendant as to whether Defendant failed to completely relieve Plaintiffs and California Class members assigned to investigations of all duties during rest breaks for the purposes of IWC Wage Order 5 Section 12 and California Labor Code § 226.7.

150.    Plaintiffs are informed and believe Defendant contends it completely relieved Plaintiffs and California Class members assigned to investigations of all duties during rest breaks.

151.    Plaintiffs are entitled to a judicial determination that Defendant did not completely relieve Plaintiffs and California Class members assigned to investigations of all duties during rest breaks.

152.    An actual controversy exists between Plaintiffs and Defendant as to whether Defendant's unilateral deduction of hours worked for meal periods in which Plaintiffs and Collective Action and California Class members assigned to investigations were not completely relieved of all duties constituted a violation of the FLSA and California's minimum wage law.

153.    Plaintiff are informed and believe Defendant contends it did not unilaterally deduct hours worked in which Plaintiffs and Collective Action and California Class members assigned to investigations because they were completely relieved of all duties.

154.    Plaintiffs are entitled to a judicial determination that Defendant's unilateral deduction of hours worked for meal periods in which Plaintiffs and Collective Action and California Class members assigned to investigations were not completely relieved of all duties constituted a violation of the FLSA and California's minimum wage law.

155.    An actual controversy exists between Plaintiffs and Defendant as to whether Defendant violated California Labor Code §§ 201-203, by willfully failing to make timely payment of all final wages due to California Class members who quit or have been discharged.

156.    Plaintiffs are informed and believe Defendant contends it did not violate California Labor Code §§ 201-203, by willfully failing to make timely payment of all final wages when due to California Class members who quit or have been discharged.

157.    Plaintiffs are entitled to a judicial determination that Defendant violated California Labor Code §§ 201-203, by willfully failing to make timely payment of final wages due to California Class

members who quit or have been discharged.

158. An actual controversy exists between Plaintiffs and Defendant as to whether Defendant violated California Labor Code § 1174 and IWC Wage Order No. 5 §7, by failing to maintain and provide Plaintiff and California Class members with access to complete and accurate records.

159. Plaintiffs are informed and believe Defendant contends it did not violate California Labor Code § 1174 and IWC Wage Order No. 5 §7, by failing to maintain and provide Plaintiff and California Class members with access to complete and accurate records.

160. Plaintiffs are entitled to a judicial determination that Defendant violated California Labor Code § 1174 and IWC Wage Order No. 5 §7, by failing to maintain and provide Plaintiffs and California Class members with access to complete and accurate records.

161. An actual controversy exists between Plaintiffs and Defendant as to whether Defendant failed to provide all the information required by California Labor Code § 226 at least semi-monthly or with each payment of wages to Plaintiffs and California Class members.

162. Plaintiffs are informed and believe Defendant contends it did furnish all information required by California Labor Code § 226 to Plaintiffs and all California Class members.

163. Plaintiffs are entitled to a judicial determination that Defendant violated California Labor Code § 226, by failing to provide the all information required semimonthly or with each payment of wages to Plaintiff and other California Class members.

164. An actual controversy exists between Plaintiffs and Defendant as to whether Defendant violated multiple provisions of the California Labor Code and IWC Wage Order No. 5 entitling Plaintiff and California Class members to recover penalties pursuant to the California Private Attorney General Act.

165. Plaintiffs are informed and believe Defendant contends it did not violate any provisions of the California Labor Code or IWC Wage Order No. 5.

166. Plaintiffs are entitled to a judicial determination that Defendant violated multiple provisions of the California Code and IWC Wage Order No. 5 entitling Plaintiffs and California Class members to recover penalties pursuant to the California Private Attorney General Act.

167. An actual controversy exists between Plaintiffs and Defendant as to whether Defendant violated

California Business and Professions Code §§ 17200-08, through conduct as set forth in the foregoing paragraphs entitling Plaintiffs and California Class members to restitution.

168.    Plaintiffs are informed and believe Defendant contends it did not violate California Business and Professions Code §§ 17200-08.

169.    Plaintiffs are entitled to a judicial determination that Defendant violated California Business and Professions Code §§ 17200-08, through conduct as set forth in foregoing paragraphs entitling Plaintiffs and California Class members to restitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1.    For Conditional Certification of the Collective Action Class;

2.    For Facilitated Notice to the Collective Action Class;

3.    Designation of Plaintiffs as representatives of the Collective Action Class;

4.    Designation of Plaintiffs' counsel as counsel for the Collective Action Class;

5.    For recovery of unpaid overtime compensation and interest thereon plus an equal amount in liquidated damages for Plaintiff and all Collective Action members pursuant to 29 U.S.C. § 216(b);

6.    For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, paying Plaintiffs and Collective Action Members and California Class members the applicable legal rate for all hours worked;

7.    Certification of this action as a class action on behalf of the proposed class under Federal Rule of Civil Procedure 23;

8.    Designation of Plaintiffs as representatives of the California Class;

9.    Designation of Plaintiffs' counsel as counsel for the California Class

10.    An award of damages and penalties to Plaintiffs and California Class members for Defendant's failure to timely pay wages to Plaintiffs and California Class members pursuant to California Labor Code §§ 204, 210 subject to proof at trial;

11.    An award of meal and rest break premiums to Plaintiffs and California Class members assigned to investigations for Defendant's failure to completely relieve these individuals of all duties during these periods pursuant to IWC Wage Order 5 §§11 and 12 and California Labor Code §§ 226.7 and

512 subject to proof at trial;

12.      An award of wages to Plaintiffs' and California Class members assigned to investigation at their agreed upon and/or statutory rate for Defendant's unilateral deduction of on duty meal periods from the total hours worked subject to proof at trial;

13.      An award of waiting time penalties to all California Class Members who have quit or been discharged for Defendant's failure to tender all final wages based on the foregoing, pursuant to California Labor Code § 203, subject to proof at trial;

14.      An award of damages and/or penalties to Plaintiffs and California Class members for Defendant's knowing and intentional failure to provide the information required by California Labor Code § 226(a) that resulted in injury pursuant to § 226(e);

15.      An award of civil penalties to Plaintiffs as well as current and former employees pursuant to PAGA for the violations alleged herein;

16.      An award of restitution of all amounts owed in unpaid overtime wages, unpaid meal and rest break premiums as well as all wages earned at the agreed upon and/or statutory rate but unpaid for on duty meal periods that were unilaterally deducted from total hours worked, and interest thereon, in an amount according to proof at trial, pursuant to California Business & Professions Code §§ 17200 *et. seq*;

17.      Disgorgement of profits and all other appropriate equitable relief authorized by California Business & Professions Code § 17203;

18.      Prejudgment and post judgment interest on all sums awarded;

19.      For Declaratory relief that includes the following:

a.      A judgment declaring the foregoing Incentive payments made to Plaintiffs and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

b.      A judgment declaring that Defendant's requirement that Plaintiffs and Collective Action members assigned to investigations remain on call during meal periods constitutes compensable time under the FLSA.

c.      A judgment declaring that Plaintiffs and Collective members are salaried employees

pursuant to 29 CFR 778.113 for the purposes of FLSA liability for Defendant's under calculation of the regular rate.

d.      A judgment declaring that Defendant's failure to pay all overtime compensation due to Plaintiffs and  Collective Action members under the FLSA was not in good faith entitling them to liquidated damages.

e.      A judgment declaring that Defendant's failure to pay all overtime compensation due to Plaintiffs and  Collective Action members under the FLSA was reckless and/or an intentional, knowing, constituting a willful violation.

f.      A judgment declaring Defendant failed to promptly pay all wages earned in excess of the normal work          period when due to Plaintiffs and California Class members for the purposes of California Labor Code § 204.

g.      A judgment declaring Defendant's failure to promptly pay all wages earned in excess of the normal work period when due to Plaintiffs and California Class members was willful for the purposes of California Labor Code § 210.

h.      A judgment declaring that Defendant did not completely relieve Plaintiffs and California Class members assigned to investigations of all duties during meal and rest periods for the purposes of IWC Wage Order 5 and California Labor Code §§ 226.7 and 512.

i.  A judgment that Defendant's unilateral deduction of hours worked for meal periods in which Plaintiffs and Collective Action and California Class members assigned to investigations were not completely relieved of all duties constituted a violation of the FLSA and California's minimum wage law.

j.      A judgment declaring that Defendant violated California Labor Code §§ 201-203, by willfully failing to make timely payment of final wages due to California Class members who quit or have been discharged.

k.      A judgment declaring that Defendant violated California Labor Code § 1174 and IWC Wage  Order No. 5 §7, by failing to maintain and provide Plaintiffs and California Class members with access to complete and accurate records.

l.      A judgment declaring that Defendant violated California Labor Code §226, by failing

to provide the all information required semimonthly or with each payment of wages to Plaintiff and other California Class members.

m.       A judgment declaring that Defendant violated multiple provisions of the California Code and IWC Wage Order No. 5 entitling Plaintiffs and California Class members to recover penalties pursuant to the California Private Attorney General Act.

n.       A judgement declaring Defendant violated California Business and Professions Code §§ 17200-08, through conduct entitling Plaintiffs and California Class members to restitution.

20.    Attorney fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. § 216(b), California Labor Code §§ 218.5, 226, 1194, and 2699(g)(1), and California Code of Civil Procedure § 1021.5, and such other provisions as may be applicable;

21.    Costs of suit;

22.    An incentive award for Plaintiffs for bringing this action; and

23.    Such other and further relief as is equitable, just, and proper.


Respectfully submitted,

Dated: August 28, 2018                    **MASTAGNI HOLSTEDT, A.P.C.**


*/s/ Ace T. Tate*
ACE T. TATE, ESQ.
Attorneys for Plaintiff