UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TAYLOR, et al., <br><br>Plaintiffs, <br><br>v. <br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, <br><br>Defendant. | Case No. 18-cv-05248-JSW <br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS, CLAIM ADMINISTRATION FEE, AND CLASS REPRESENTATIVE INCENTIVE AWARDS AND ENTERING FINAL JUDGMENT** <br><br>Re: Dkt. No. 80 |

This matter comes before the Court on consideration of the motion for final approval of a class and collective action settlement (the "Settlement") and award of attorneys' fees, costs, claim administration fee, and class representative awards, filed by Plaintiffs Jeffrey Taylor, Crystal Townley, and Sean Zirkle ("Plaintiffs"). Defendant does not oppose Plaintiffs' motion. The Court has considered the parties' papers, relevant legal authority, the lack of objections to the Settlement, and the record in this case. The Court has also considered the parties' arguments at the fairness hearing held on April 15, 2022.

For the following reasons, the Court HEREBY GRANTS Plaintiff's motion for final approval and GRANTS, IN PART, the awards of attorneys' fees, costs, claim administration fee, and class representative awards.

**BACKGROUND**

On August 28, 2018, Plaintiffs filed the original complaint in this collective action and class action asserting various claims under the Fair Labor Standards Act ("FLSA") and the California Labor Code. (Dkt. No. 1.) On November 2, 2018, Defendant moved to dismiss or, in the alternative, compel arbitration. (Dkt. No. 19.) Plaintiffs filed the first amended complaint on November 14, 2018. (Dkt. No. 24.) Defendant again moved to dismiss or, in the alternative,

compel arbitration. (Dkt. No. 29.) The Court denied Defendant's motion to dismiss on June 28, 2019. (Dkt. No. 42.) On April 24, 2020, the parties notified the Court that they had reached a conditional settlement and requested all pending dates and deadlines be vacated. (Dkt. No. 51.)

On August 17, 2021, the Court preliminarily approved the Settlement Agreement. (Dkt. No. 68.) The Court also preliminarily approved a class of Collective Action Members consisting of all individuals employed by Stanford's Department of Public Safety in the job classification of community service officer, deputy sheriff, and sergeant who submitted a "Consent to Join Collective Action" form by the date the Settlement Agreement was executed. The Court also preliminarily approved a California Class of all individuals employed by Stanford's Department of Public Safety in the job classifications of community service officer, deputy sheriff, and sergeant employed as of August 28, 2014, and through the date of preliminary approval (the "Class Period"). Within the California Class is an "Investigator Subclass," including all individuals employed by Stanford's Department of Public Safety as an Investigator as of August 28, 2014, and through the date of preliminary approval.

Pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the settlement administrator, ILYM, began to provide notice to the Settlement Class Members on November 30, 2021. (Dkt. No. 80-3, Declaration of Makenna Snow ("Snow Decl."), ¶¶ 4-7.) On February 11, 2022, Plaintiffs filed their motion for final approval of the Settlement and for attorneys' fees, costs, and incentive awards. (Dkt. No. 80-1.) Plaintiffs filed a supplemental declaration in support of the motion for final approval on April 13, 2022. (Dkt. No. 85, Supp. Decl. of David Mastagni ("Mastagni Supp. Decl.").) Defendant filed a statement of non-opposition on April 13, 2022. (Dkt. No. 84.)

The Court shall address additional facts as necessary in the analysis.

//

//

//

//

//

# ANALYSIS

**A.  The Court Grants the Motion for Final Approval.**

    **1.  Subject Matter Jurisdiction.**

The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 because Plaintiffs seek relief for violations of the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. section 1367.

    **2.  Certification of the Settlement Class and Collective Action.**

For purposes of the settlement, the Court certifies a California class, pursuant to Federal Rule of Civil Procedure 23, comprising all individuals employed by Stanford's Department of Public Safety in the job classifications of community service officer, deputy sheriff, and sergeant employed as of August 28, 2014, and through the date of preliminary approval. The Court also approves an "Investigator Subclass," including all individuals employed by Stanford's Department of Public Safety as an Investigator as of August 28, 2014, and through the date of preliminary approval. For settlement purposes, the Court certifies a collective action pursuant to Section 216(b) of the FLSA consisting of all individuals employed by Stanford's Department of Public Safety in the job classification of community service officer, deputy sheriff, and sergeant who submitted a "Consent to Join Collective Action" form by the date the Settlement Agreement was executed.

    **3.  Notice, Objections, and Requests for Exclusion.**

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must "clearly and concisely state in plain, easily understood language" the nature of the action, the class definition, and the class members' right to exclude themselves from the class. Fed. R. Civ. P. 23(c)(2)(B). Although Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each

3

1   class member actually receive notice.  *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994)

2   (noting that the standard for class notice is "best practicable" notice, not "actually received"

3   notice).

4         The Court finds that distribution of notice of the settlement directed to the Class Members

5   as set forth in the Settlement Agreement has been completed in conformity with the Preliminary

6   Approval Order.  ILYM received a list of forty-nine individuals who are considered Settlement

7   Class Members.  (Snow Decl. ¶ 5.)  On November 30, 2021, ILYM mailed the notice packet via

8   U.S. first class mail to all forty-nine individuals on the class list.  (*Id*. ¶ 7.)  Two notice packets

9   were returned to ILYM.  (*Id*. ¶ 8.)  ILYM performed a computerized skip trace on the two returned

10  notice packets, obtained updated addresses, and re-mailed the notice packets.  (*Id*.)  As of

11  February 11, 2022, zero notice packets were considered undeliverable.  (*Id*. ¶ 10.)  As of February

12  11, 2022, ILYM has received one request for exclusion.  (*Id*. ¶ 11.)  ILYM has not received any

13  challenges to the workweeks or any objections to the settlement.  (*Id*. ¶¶ 12-13; *see also* Supp.

14  Mastagni Decl., ¶¶ 2-3.)  ILYM reports a total of forty-eight participating claimants, representing

15  97.96% of the forty-nine Settlement Class Members.  (Snow Decl. ¶ 14.)

16        In light of these facts, the Court finds that the parties have sufficiently provided the best

17  practicable notice to the Settlement Class Members.

18      **4.**    **The Relevant Factors Weigh in Favor of Concluding the Settlement is Fair, Reasonable, and Adequate under Rule 23 and the FLSA.**

19        Federal Rule of Civil Procedure 23(e) permits a court to approve a settlement that will bind

20  a class "only on finding that it is fair, reasonable, and adequate after considering" a number of

21  factors.  Fed. R. Civ. P. 23(e)(2); *see also Hanlon*, 150 F.3d at 1026.  The factors the Court must

22  consider are whether:

23
24  > the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and the proposal treats class members equitably relative to each other.

1    Fed. R. Civ. P. 23(e)(2)(A)-(D).  Further, the court "may consider some or all" of the following
2    factors:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *see also Hanlon*, 150 F.3d at 1026.  "The relative degree of importance to be attached to any particular factor" is case specific. *Officers for Just. v. Civ. Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Settlements of collective action claims under the FLSA also require court approval.  *Jones v. Agilysys, Inc.,* No. 12-cv-03516 SBA, 2013 WL 4426504, at *2 (N.D. Cal. Aug. 15, 2013). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  Courts often apply the relevant Rule 23 factors to assess the reasonableness of a FLSA settlement while recognizing that some of the Rule 23 factors do not apply because of the inherent differences between class actions and FLSA actions.  *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013).  The Court "must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA."  *Id*.

This case involves disputed issues relating to the proper calculation of overtime and the extent of Defendant's alleged liability under the FLSA.  Specifically, the parties dispute: (1) whether Defendant is entitled to seek offsets and credits pursuant to 29 U.S.C. section 207(h)(2); (2) the proper method to calculate overtime compensation; (3) whether Defendant acted in good faith such that Plaintiffs are not entitled to liquidated damages; and (4) the applicable statute of limitations.  The case also resolves several bona fide disputes between the parties related to the

state law claims, including the extent of Defendant's liability under PAGA and whether Defendant violated Cal. Labor Code section 226.7 by failing to provide meal and rest periods. Thus, the case involves several bona fide disputes.

Based on the record as a whole, the Court finds that the relevant factors support a finding that the Settlement is fair, adequate, and reasonable. Class Counsel and the named Plaintiffs have adequately represented the Settlement Class Members. The Court hereby confirms the Law Offices of Mastagni Holstedt, APC, as Class Counsel. The Court concludes that the settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations conducted with the assistance of Jeffrey A. Ross during a mediation session conducted on September 16, 2019.

The Court has also considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. To settle the action, Defendant is required to pay a total settlement of $275,800. (Dkt. No. 80-2, Declaration of David E. Mastagni ("Mastagni Decl.") ¶ 23.) The twenty-eight Collective Action Members will receive $84,237.55 of the total settlement amount. (*Id*.) The FLSA damage calculations were made on an individual basis determined by the number of overtime hours and applicable incentive payments for each Plaintiff. (*Id*. ¶ 24.) The Collective Class will receive approximately one hundred percent of their calculated FLSA damages based on salary methodology. (*Id*.) All Collective Action Members have accepted the terms of the Settlement and damage calculations and executed individual releases. (*See* Mastagni Decl., Ex. A at 41-67.) The forty-eight Class Settlement Members will receive a pro rata portion of the remaining settlement amount. (*Id*. ¶¶ 24-25.) No Class Members challenged the pay period information provided by Defendant. No objections have been filed. One individual chose to opt out, which represents approximately 2% of the Class Members. (Snow Decl. ¶¶ 11,13.)

Participating Class Members and Collective Action Members will receive an average gross settlement payment of $3,822.85. (Snow Decl. ¶ 15.) The estimated highest gross payment will

be $ 16,687.42.  (*Id*.)  The lowest payment will be $13.42.  (*Id*.)  Defendant has no reversionary interest in the distribution amount.  Accordingly, the Court also finds that relief provided for the class is adequate.  The parties have also shown that liability is not certain, and if the case were to proceed to trial, the amount of damages could be reduced or eliminated.  Additionally, the favorable reaction of the Collective Class and Settlement Class favors granting the motion.

The Court concludes the Settlement is fair, reasonable, adequate and in the best interests of the Collective Class and Settlement Class Members, and it GRANTS Plaintiffs' motion for final approval.

**B.     The Court Grants the Request for Fees, Costs, and Incentive Awards.**

**1.     Attorneys' Fees.**

The Court has an "independent obligation" to ensure Plaintiffs' fee request is reasonable. *See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  In a common fund case, district courts may use either the percentage-of-the-fund method or the lodestar method to calculate an appropriate attorneys' fee award.  *Id*.  When applying the percentage-of-the-fund method, an attorneys' fee award of "twenty-five percent is the 'benchmark' that district courts should award."  *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  Even when courts employ the percentage of recovery method, a lodestar crosscheck on the reasonableness of the fee is often performed.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  Any class member must be allowed an opportunity to object to the fee motion itself, aside from any objection the class member may have to the preliminary notice that such a motion will be filed.  *See In re Mercury Interactive Corp. Sec. Litig.* 618 F.3d 988, 993-95 (9th Cir. 2010).  Under the FLSA, prevailing parties are entitled to receive an award of fees for all hours reasonably expended at rates in line with the "prevailing market rate of the relevant community."  *Carson v. Billings Police Dept.*, 470 F.3d 889, 891 (9th Cir. 2006).

Class Counsel requests fees in the amount of $79,000.  This request is 28.3% of the settlement fund.  The amount is slightly higher than the established twenty-five percent benchmark for fee awards.  However, reasonable fees often constitute a higher percentage of the

common fund when the fund is worth less than ten million dollars. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297 (N.D. Cal. 1995). The Court finds the requested award of attorneys' fees is reasonable appropriate in light of the work that Class Counsel performed in the case, the contingent nature of the action, and the results achieved.

A lodestar cross-check also supports the reasonableness of the requested fee award. The low range of Plaintiffs' lodestar fees would amount to approximately $188,748.00. Thus, Plaintiffs' requested fee award is significantly less than even the low range of lodestar fees. Plaintiffs' billing records reflects approximately 470 attorney hours and 700 hours worked total, including the time spent by paralegals and accountants. Class Counsel sufficiently supported their attorneys' fee request with declarations and billing records. (*See generally*, Supp. Mastagni Decl.) The Court has reviewed the hourly rates and hours worked and finds them reasonable. Moreover, a fee award of $79,000 would equate to attorney time being at $154.65 per hour, which is significantly less than the hourly rates generally awarded. *See Slezak v. City of Palo Alto*, No. 16-cv-03224-LHK, 2017 WL 2688224, at *7 (N.D. Cal. June 22, 2017).

Accordingly, the Court approves the request of $79,000.00 in attorneys' fees. The payment of fees to Class Counsel shall be made in accordance with the terms of the Settlement.

**2.    Costs.**

Class Counsel seeks $10,000.00 in costs, which encompasses mediation fees, filing fees, courier charges, and travel expenses. Class Counsel's estimated total costs are $8,229.64. This is based on the costs spent on this case to date and the projected costs of the settlement administrator. Class Counsel has expended $6,925.99 and expects to pay an additional $1,303.65 to the settlement administrator.[1]

Accordingly, the Court GRANTS, IN PART, the request for costs. The Court approves the payment of costs in the amount of $8,229.64. The unaccounted portion of the requested costs, which amounts to $1,770.36, shall be added to the class fund per the terms of the Settlement

---

[1] The settlement administrator estimates that their total costs will amount to $3,607.30. (Supp. Mastagni. Decl. ¶ 5.) $1,000 of this amount will come from the settlement amount. The parties will split the remaining amount.

1    Agreement.  The payment of costs to Class Counsel shall be made from the common settlement
2    fund in accordance with the terms of the Settlement Agreement.

### 3. The Court Grants the Request for Claims Administrator Fees.

ILYM estimates its costs will be $3,607.30.  (Mastagni Supp. Decl. ¶ 5; Ex. B.)  The parties agree that $1,000 of ILYM's fees will be paid out of the total settlement amount.  ILYM's remaining costs will be split equally by the parties.  The Court GRANTS the request to approve payment in the amount of $1,000 to ILYM for settlement administration services in this matter from the common settlement fund in accordance with the terms of the Settlement Agreement.

### 4. The Court Grants Plaintiffs' Request for an Incentive Award.

Finally, Plaintiffs move for an incentive award in the amount of $1.00 each to Plaintiffs Taylor, Townley, and Zirkle.  "Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958.  The decision to approve such an award is a matter within the Court's discretion.  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).  An incentive award is designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59.  "[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives. ... [C]oncerns over potential conflicts may be especially pressing where, ... the proposed service fees greatly exceed the payments to absent class members." *Radcliffe v. Experian Info. Sols., Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (internal citation and quotation marks omitted).

In wage and hour cases, many courts in this district have held that a $5,000 incentive award is "presumptively reasonable." *See, e.g.*, *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) (observing that "as a general matter, $5,000 is a reasonable amount"); *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL 362395, at *11 (N.D. Cal. Jan. 29, 2016) (awarding $5,000); *Odrick v. UnionBanCal Corp.*, No. C 10-5565 SBA, 2012 WL 6019495, at *7 (N.D. Cal. Dec. 3, 2012) (same).  Incentive awards may also be especially appropriate in wage and hour class actions, where a named plaintiff undertakes

"a significant 'reputational risk' in bringing [an] action against [plaintiff's] former employer." *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *8 (N.D. Cal. Mar. 6, 2014) (citing *Rodriguez*, 563 F.3d at 958-59).

Here, the named Plaintiffs request a nominal award not to exceed $1 each. This request is reasonable. The Court GRANTS the motion for incentive award in the amount of $1.00 each to Plaintiff Taylor, Plaintiff Townley, and Plaintiff Zirkle. The payment of the incentive awards shall be paid from the common settlement fund in accordance with the terms of the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for final approval and GRANTS, IN PART, Plaintiffs' motion for attorneys' fees, costs, and incentive awards.

IT IS FURTHER ORDERED:

The Court directs the Parties and the Settlement Administrator to effectuate the consummation and performance of the terms and provisions set forth in the Settlement Agreement and this Final Approval Order and Judgment, including the timely disbursement of settlement proceeds.

This Final Approval Order and Judgment shall permanently bar the Named Plaintiffs and all Settlement Collective Action Members and Participating Class Members from prosecuting against the released parties any and all Released Claims (as said terms are defined in the Settlement Agreement) arising during the class members' released period (as defined in the Settlement Agreement).

The Court reserves jurisdiction over this action for the purpose of enforcing the terms of the Settlement Agreement.

//
//
//
//
//

The Court hereby DISMISSES this action WITH PREJUDICE, and HEREIN ENTERS JUDGMENT in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2022

_____
JEFFREY S. WHITE
United States District Judge